■ DESHAWNA D. DANDRIDGE et al., Respondents, v ANTONIO M. GONZALEZ, Appellant, et al., Defendant. [51 NYS3d 199]—In an action, inter alia, to recover damages for personal injuries, the defendant Antonio M. Gonzalez appeals from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated March 18, 2016, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Deshawna D. Dandridge,

individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Antonio M. Gonzalez which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Deshawna D. Dandridge, individually, is granted.

The appellant met his prima facie burden of showing that the plaintiff Deshawna D. Dandridge did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The appellant submitted competent medical evidence establishing, prima facie, that the alleged injuries to Dandridge's left elbow and to the cervical and lumbar regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). Dandridge failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted by Dandridge, individually. Mastro, J.P., Leventhal, Hall and Cohen, JJ., concur.